Deaderick, J.,
delivered tke opinion of the Court.
This is an action of debt, brought in the Circuit Court of Monroe county, upon a note purporting to be executed by plaintiff in error, by her agent, Allen Anderson. Judgment was rendered against her in the court below, and she appeals in error to this Court.
Two questions are raised by the counsel of the plaintiffs in error:
1. That Anderson, who executed the note, had no authority to sign the name of the plaintiff in error to. the note. This question was fairly left to the jury to be determined by them, upon a correct charge of the Court, and upon the evidence adduced; and we think the jury were warranted in finding that Anderson had authority, as the agent of plaintiff^ in error, to bind her in'the execution of the note sued on.
2. It is further maintained, that the note sued on reserves upon its face a higher rate of interest than is allowed by the general law, and is therefore prima facie void, in the absence of any recital upon the face of the note, and averments, and proof that it was given for loaned money. The note is as follows:
*455 “$100. DECEMBER 10, 1860.
“ One day after date I promise to pay to the order - of Thos. E. D. Trotter, one hundred dollars, value received, with interest at the rate of ten per cent, per annum.
“M. K. McGhee,
“ Allen Anderson, Ag’t.”
The act to establish a conventional rate of interest was passed February 21, 1860, and was repealed January 31, 1861, and was, of course, operative at the time of the execution of the note sued on. The first section of that act provides, “ That whenever any person or persons shall contract for the loan of money, it shall and may be lawful for the lenders, or his or their assignee or representatives, to receive a rate of interest on the same, up to the time when payment is made, not to exceed ten per cent, per annum; provided, that the parties to the contract shall have so agreed, and such agreement be expressed on the face of the contract, whether the same be evidenced by bond, bill, note, or other written instrument.
Under this statute, we hold it is not necessary that the note itself should show that it was given for loaned money, but that the “agreement” referred to, to be expressed on the face of the contract, relates to the rate of interest, not to exceed ten per cent.; and that this rate of interest, when over six and not exceeding ten per cent., should be expressed upon the face of the note, &e.
1STo injury will, or can,- result to the payor of the note, by omitting to recite upon its face that it was executed for loaned money. He could make his defense *456 upon a proper plea, if the fact were so that the note was usurious; and this, we think, would be the proper manner in which to raise that issue and have it determined.
In this case the pleas are nil debit, payment, and non est factum; and upon these pleas the jury have found against the plaintiffs in error, .and we think the finding warranted by the proof.
Affirm the judgment.